## ELY v. DILLON.

1. **Justice of the peace:** EXCHANGE. Whether a justice of the peace elected for one township may hold a court in another township at the request of a resident justice, *query?*

2. ——— JURISDICTION. That the justice who tried the cause had no jurisdiction is not sufficient ground for dismissing the *action*, when the one before whom the case was commenced did have jurisdiction. Only those acts are void which were done by the justice who had no jurisdiction.

*Appeal from Appanoose District Court.*

MONDAY, JUNE 25.

THIS action was brought before a justice of the peace on an account. The plaintiff recovered judgment before the justice, and the defendant appealed to the District Court.

It appeared from the transcript of the justice, sent to the District Court, that the justice before whom the suit was brought, by reason of some transactions between himself and one of the parties, felt himself excused from acting in the case. The other justice from that township being absent from the State, he procured the nearest justice from an adjoining township to attend at his office and try the case. In the District Court the defendant moved to dismiss the cause for the reason that the justice before whom the suit was commenced, on his own motion, without any cause therefor, called the justice of another township to try the same in his office, and for the reason that the District Court had no jurisdiction of the case. This motion was overruled, and the defendant excepted and appeals.

*H. Tannehill* and *Perry & Townsend* for the appellant.

*Miller & Tee* for the appellee.

COLE, J. — By section 478 of the Revision it is provided that justices of the peace and constables shall be considered as county officers, under the provisions of the chapter for elections, qualifications, contesting elections, vacancies, &c., except they shall be voted for by the voters of their respective townships. And it is also provided by section 3972 that "in case of the sickness, or other disability or necessary absence of a justice at the time fixed for the trial of a cause, or other proceeding, any other justice of the townships may, at his request, attend and transact the business for him without any transfer of the business to another office."   *   *   * It may be a doubtful question, under these provisions, whether a justice of the peace, elected for one township, may hold a court in another township under the circumstances shown in this case. But its determination is not necessary to the decision of this case.

*1. JUSTICE OF THE PEACE: exchange.*

In this case the motion was to dismiss the *cause*. If the justice of the peace who tried the cause had no jurisdiction to do so, his acts in that matter were void acts, and ought not to prejudice the plaintiff's cause of action. His action ought not to be dismissed, because he had failed to secure a valid trial and judgment; but only such void or improper acts ought to be disregarded, and the plaintiff's cause should be fairly and legally tried.

*— jurisdiction.*

If the justice had jurisdiction then the judgment was valid and the cause ought not to be dismissed. In either event, therefore, it was not error to overrule the motion to dismiss the cause. If, as is assumed in the motion, the District Court had no jurisdiction of the appeal, it ought not, therefore, to dismiss the cause, but only the appeal.

Without determining whether the justice could legally act, or whether the judgment was void or valid, and if void what remedy the party has to relieve himself from it,

we are very clear upon the only point presented and necessary for us to determine, that the court did not err in overruling the motion to dismiss the cause.

Affirmed.